IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | CASE NO. 06cv240-MEF-VPM |
| | ) | (CR NO. 03-212-E) |
| ARBERT TYRAIL SMITH, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and, in compliance with this Court's order, responds to Defendant/Movant Arbert Tyrail Smith's Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On September 23, 2003, a grand jury for the Middle District of Alabama returned a single-count indictment against Defendant/Movant Arbert Tyrail Smith ("Smith"). See Exhibit A, the indictment. The indictment charged that, on or about June 25, 2003, in Auburn, Alabama, within the Middle District of Alabama, Smith, having been previously convicted of two drug related felonies set forth therein, knowingly possessed, in and affecting commerce, the following firearms: a Glock, Model 17, 9mm pistol, Serial Number DNL242US; a Taurus, Model Millennium PT140, .40 caliber semiautomatic pistol, Serial Number SVE 02036; and a North China Industries, MAK-90 SKS 7.62mm rifle, Serial Number 931873, all in violation of 18 U.S.C. § 922(g)(1).

On May 11, 2004, Smith was charged in the Circuit Court for Lee County, Alabama, with trafficking cocaine, and the possession of marijuana. The indictment in CC-04-337 charged that, on or about June 26, 2003, Smith possessed 28 grams or more of cocaine, or any mixture containing cocaine, in violation of section 13A-12-231(2) of the Code of Alabama. See Exhibit B, Indictment in CC-04-337. The indictment in CC-04-338 charged that, on or about June 26, 2003, Smith possessed an unspecified quantity of marijuana, in violation of section 13A-12-213 of the Code of Alabama. See Exhibit C, Indictment in CC-04-338. These indictments arose from the same search warrant execution which gave rise to the federal charges against Smith.

Smith entered into a guilty plea agreement with the United States on May 24, 2004. See Exhibit D, the plea agreement. The agreement provided that, in exchange for Smith's plea of guilty, the United States would recommend that he receive credit for acceptance of responsibility at sentencing, and that it would recommend a sentence at the low end of the appropriate sentencing guideline range. Exhibit B, at 2. The agreement set forth a factual basis which supported a finding that Smith violated 18 U.S.C. § 922(g)(1). Id. at 3.

Smith's guilty plea hearing was conducted on February 28, 2005. See Exhibit E, a transcript of the guilty plea hearing. At the outset of the hearing, Smith was placed under oath. Exhibit E, at 2. The Court informed Smith of the charge against him and determined that he fully understood the nature of the proceeding. Id. at 3-4. The Court asked Smith if he understood all of the terms of the plea agreement, and he responded that he did. Id. at 7.

The Court explained that, in order to convict him at trial, the United States must prove Smith's guilt beyond a reasonable doubt. Id. at 14. Next, it explained to Smith the constitutional rights he would forfeit if he entered a guilty plea in lieu of proceeding to trial. Id. at 14-15.

Then, while under oath, Smith stated that he was guilty of the charge against him, and provided a factual basis for the plea by acknowledging that, on June 25, 2003, he had a previous felony conviction and possessed the firearms listed in the indictment. Id. at 16. The parties stipulated that the firearms had traveled in interstate commerce. Id. After hearing Smith plead guilty and establish sufficient facts to support the plea, the Court stated that it found him to be competent and capable of entering an informed plea and that each element of the offense was supported by an independent factual basis. Id. at 17. The Court then accepted Smith's guilty plea. Id. at 17.

A presentence investigation report was issued by the U.S. Probation Office. The report detailed the June 25, 2003 execution of a search warrant at Smith's residence by the Lee County, Alabama SWAT team. See PSI, at ¶¶ 4-8. The PSI listed the firearms found in Smith's possession on that date, as well as cocaine base, digital scales, and large plastic bags containing marijuana. PSI, at ¶ 5. Smith's offense level was enhanced by four levels because he possessed a firearm in connection with another felony offense. See U.S.S.G. 2K2.1(b)(5) (2004). The report noted that this enhancement was applicable because an indictment was pending in Lee County Circuit Court for trafficking cocaine. PSI, at ¶ 16, 37. The report concluded that Smith's final offense level was 25, and that his criminal history category was III. See PSI at ¶¶ 23, 36.

Smith's counsel objected to the enhancement under U.S.S.G. § 2K2.1(b)(5). See Addendum to PSI, at ¶¶ 6-10. The objection asserted that, because Smith had neither admitted nor been convicted of the separate felony conduct, the enhancement violated United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). The Probation Office responded that the explanatory notes to section 2K2.1(b)(5) defined "felony offense" as "any offense (federal, state, local) punishable by imprisonment for a term exceeding one year, whether or not a criminal

3

charge was brought, or conviction obtained." Addendum to PSI, at ¶ 12; U.S.S.G. 2K2.1(b)(5), cmt. 4.

Smith's sentencing hearing was held on April 6, 2005. See Exhibit F, a transcript of the sentencing hearing. On March 31, 2005, the United States filed a motion for a downward departure of two levels, based on the value of information provided by Smith. Exhibit F, at 3. Roianne Conner, counsel for Carter, informed the Court that the pending charges in Lee County would likely be dismissed after Smith was sentenced in the instant case, and that consideration of those charges would violate the Booker decision. Id. at 8-9. In response to this objection, the Court cited United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005), cert. denied 125 S.Ct. 2935 (2005), as authority that the preponderance standard of evidence applied to the calculation of a guideline sentence. Exhibit F, at 11. After citing Rodriguez, the Court expressly stated that

> the facts have been established by a preponderance of the evidence that Mr. Smith possessed the firearms in this case, specifically three pistols, an SKS rifle, a 12 gauge shotgun, drugs, money, scales, and a bulletproof vest, all in connection with one another, and as part of the same criminal enterprise on the date in which the search warrant was served on his residence in June of 2003. As to your objection to paragraph 16 of the presentence report, that objection is overruled.

Id. at 11-12.

The Court then adopted the factual statements in the report, stated that Smith's offense level was 25, and that his criminal history category was III. Id. at 12. It granted the United States' motion for a downward departure of two levels. Id. at 16. Smith's revised offense level of 23, and criminal history category of III, resulted in a guideline sentencing range of 57 to 71 months, which the Court found reasonable. Id. The Court then sentenced Smith to serve 71 months in prison Id. at 19. Judgment was entered on April 7, 2005.

Smith filed this Motion to Vacate, Set Aside or Correct Sentence on March 7, 2006. On March 21, 2006, this Court entered an order directing the United States to respond within thirty days. The United States sought and received an extension of time to respond to Smith's motion, and now files this response.

## II.  CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Smith raises a single claim in his § 2255 motion:

1. His sentence was improperly enhanced for conduct charged in a state prosecution which was subsequently dropped.

## III.  RESPONSE TO CLAIM FOR RELIEF

**A.    Smith Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255**.

The United States notes at the outset that Smith has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule. The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

The judgment against Smith was entered on April 7, 2005. He did not appeal his conviction or sentence to the Eleventh Circuit Court of Appeals. His sentence became final when the time for filing an appeal to the Eleventh Circuit expired. Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir.2002). Likewise, a

judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires. Smith had ten days from the April 7, 2005 entry of judgment by this Court to seek review by the Eleventh Circuit; his judgment of sentence, therefore, became final on April 18, 2005, the first business day occurring after April 17, 2005. Therefore, under § 2255, Smith had until April 18, 2006 to file his motion. His filing of this § 2255 motion on March 7, 2006 is within one year of April 18, 2005, and his motion is therefore timely.

**B.      Smith's Claim Is Procedurally Defaulted And Not Properly Considered In This § 2255 Proceeding Because It Could Have Been Raised On Direct Appeal, But Was Not, And Smith Has Failed To Demonstrate Cause And Prejudice To Overcome These Defaults.**

Smith's § 2255 claim is barred from this Court's review because it could have been, but was not, raised on direct appeal. Because Smith did not raise his claim on direct appeal, however, it is barred in this collateral proceeding, unless he can show cause and prejudice to overcome the procedural bar. A motion under § 2255 cannot be used as a substitute for appeal, Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998), and claims not raised on direct appeal that could have been are generally barred from review in § 2255 proceedings, McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). In Mills v. United States, 36 F.3d 1052 (11th Cir. 1994), the Eleventh Circuit succinctly summarized the law concerning procedural default as follows:

> Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a [Section] 2255 proceeding.... A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development.... When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for [Section] 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.... Alternatively, under the fundamental miscarriage of justice

> exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default....

Id. at 1055-56 (internal citations omitted). See also McCoy v. United States, 266 F.3d at 1258 ("A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal."). The burden of demonstrating cause and prejudice or a miscarriage of justice is on the movant. See, e.g., Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'... or that he is 'actually innocent[.]' ").

Smith has offered nothing to this Court as cause to overcome the procedural default. Therefore, his claim should be dismissed on procedural grounds.

**C.     Smith's Claim Is Without Merit.**

Smith claims that his sentence was wrongfully enhanced on the basis of a pending drug felony charge that was subsequently dropped by prosecutors in Lee County, Alabama. His sentence was enhanced not for the pending charge, but for the underlying conduct in which he engaged. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." Stephens v. United States, 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998), quoting United States v. Guerra, 588 F.2d 519, 520-21 (5th Cir.1979). "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations ... the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the

petitioner is entitled to no relief.... Typically, this circuit has found some form of corroboration to a petitioner's allegations before requiring a hearing." Potts v. Zant, 638 F.2d 727, 751 (5th Cir. 1981)(citations omitted).[1]  In the event this Court does not find that Smith's claim is procedurally barred, the following analysis demonstrates why it should be dismissed.

**The Court correctly applied the four-level enhancement under U.S.S.G. § 2K2.1(b)(5).**

Smith seeks a recalculation of his sentence without the enhancement under U.S.S.G. § 2K2.1(b)(5) because the charges were dismissed in the Circuit Court for Lee County. He has never disputed the fact, documented in his presentence investigation report, that he was engaged in cocaine trafficking while in possession of the firearms listed in the federal indictment. PSI, at ¶ 5. Smith was informed by the Probation Office, prior to sentencing, that the enhancement was applicable because the explanatory notes to section 2K2.1(b)(5) defined "felony offense" as "any offense (federal, state, local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." Addendum to PSI, at ¶ 12; U.S.S.G. 2K2.1(b)(5), cmt. 4.

Smith's counsel objected to the enhancement at sentencing under United States v. Booker. Exhibit F, at 8-9, 11; see Booker, 543 U.S. at 235, 125 S.Ct. at 751 (Justice Steven's opinion finding that mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury). The Court overruled the objection by citing United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005), cert. denied 125 S.Ct. 2935 (2005). Exhibit

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

F, at 11; see Rodriguez, 398 F.3d at 1296 (holding that, when calculating a guideline sentence under the new advisory system, "the government bears the burden of establishing the disputed fact by a preponderance of the evidence.") The Court specifically found at sentencing that a preponderance of the evidence supported the enhancement for Smith's conduct connected to this offense. Exhibit F, at 11-12.

This Court's sentencing determination was sufficiently supported by the facts and was consistent with applicable federal sentencing law. Therefore, this issue is without merit and must be dismissed.

### IV.  A HEARING IS NOT NECESSARY IN THIS MATTER

Smith has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing. See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991). Should this Court determine that Smith has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

### V.  CONCLUSION

For the above reasons, Defendant/Movant Arbert Tyrail Smith has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 17th day of May, 2006.

/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
kent.brunson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | CASE NO. 06cv240-MEF-VPM |
| | ) | (CR NO. 03-212-E) |
| ARBERT TYRAIL SMITH, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 17, 2006, I electronically filed the foregoing with the Clerk f the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Arbert Tyrail Smith, #11409-002, FCI Marianna, Federal Correctional Institution, Mohawk Unit B, P.O. Box 7007, Marianna, FL 32447-7007.

      Respectfully submitted,

      LEURA G. CANARY
      UNITED STATES ATTORNEY

      /s/ Kent B. Brunson
      KENT B. BRUNSON
      Assistant United States Attorney
      Post Office Box 197
      Montgomery, Alabama 36101-0197
      (334) 223-7280
      (334) 223-7135 fax
      kent.brunson@usdoj.gov