Page 3

plea agreement because they, quote/unquote, had not had time to verify his information. Also, the fact that he has been sitting in jail and waiting for over a year to be debriefed they now find that his information is stale. I want to bring that to the Court's attention before we proceed. That we --

THE COURT: What do you want me to do about that, Ms. Conner?

MS. CONNER: Either to continue it or give us our three points, Your Honor, for the downward departure. It's not any fault of Mr. Smith's. He has been sitting in jail for over a year waiting for them to come see him.

THE COURT: Mr. Brunson?

MR. BRUNSON: Your Honor, I feel caught in an awkward situation at this point. What Ms. Conner has related to the Court is accurate. I have done the best I can to get Mr. Smith debriefed. We can never take back the fact it wasn't done until last week when his information had become as she said stale. However, the plea agreement calls for three levels only if the Defendant provides substantial assistance to law enforcement. I don't -- I evaluated this, I don't believe his information was worth more than two points. I did move for two points. I can't in good faith tell the Court just to make things easy and keep in accordance with the plea agreement that it's deserving of three points. I have done what I in good faith believe is appropriate.

---

IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

UNITED STATES OF AMERICA

vs.                    CR. NO. 03-212-MEF

ARBERT TYRAIL SMITH

*   *   *   *   *   *   *   *

SENTENCE HEARING

*   *   *   *   *   *   *   *

Before Hon. Mark E. Fuller, Judge,

at Montgomery, Alabama, Commencing

on April 6, 2005

*   *   *   *   *   *   *   *

APPEARANCES: For the Government: Kent B. Brunson

                              Assistant U.S. Attorney

              For the Defendant: Roianne Houlton Conner,

                              Attorney at Law

---

Page 2

(The above case coming on for hearing at Montgomery, Alabama, April 6, 2005, before Honorable Mark E. Fuller, Judge, the following proceedings were had commencing at 9:19 a.m.:)

THE COURT: Call the case of United States of America versus Arbert Tyrail Smith. You may be seated. Mr. Brunson, is the United States prepared to go forward with the sentencing this morning in this case?

MR. BRUNSON: Yes, Your Honor.

THE COURT: Ms. Conner, is the defense prepared to go forward?

MS. CONNER: Your Honor, as you know when we were here on March 8th he had not been debriefed as per the plea agreement and therefore we do not have a downward departure motion. When we left here Mr. Brunson wasn't here, Mr. Moorer was here. Mr. Moorer and I stepped out, he contacted the agent, told him that you had given him time to debrief him and to please get on to it immediately. As of last Thursday that still wasn't done. It is my understanding from Mr. Brunson, and he could probably speak to that better than I can, that the agent went to California for some type of firearms training.

Mr. Brunson got someone else to come debrief my client, and based on the lateness of the hour they have only recommended two points instead of the three set out in the

---

Page 4

THE COURT: Ms. Conner, isn't what Mr. Brunson said accurate? My review of the plea agreement does not make this a binding requirement on the government to offer three points as the only alternative for the information that Mr. Smith would have provided to the government, but a three level reduction if the Defendant provided substantial assistance.

MS. CONNER: Yes, sir, and I understand that. My point is if they had done this a year ago that he could have provided fresh information and have been of more substantial assistance than the government's waiting a year to quote/unquote, get around to it.

THE COURT: And the plea agreement that was negotiated between the Defendant and the United States in this case is basically a nonbinding plea agreement under the terms of Rule 11(c)(1)(B); is that right?

MS. CONNER: Yes, sir, it is.

THE COURT: So even if the Court were to refuse to apply a downward departure for any amount of information that Mr. Smith provides to the government, and if the Court were to deny the government's motion for downward departure for two points in this matter, doesn't Mr. Smith understand that he would not be able to withdraw his plea agreement and he would be sentenced accordingly?

MS. CONNER: Let me look, Your Honor, for some reason I was thinking we could withdraw our plea. Maybe I had

Page 5

1  misread something.
2      THE COURT: If you will look at Rule 11(c)(1)(B), a
3  nonbinding plea agreement does not allow the Defendant an
4  opportunity to withdraw his or her plea if the Court does not
5  follow the recommendation or the request from the United
6  States.
7      MS. CONNER: Yes, sir. I understand, Your Honor. We
8  still think that it was not any of his fault, that he should
9  get the other point. And we understand that's totally within
10  your discretion.
11      THE COURT: Do you have any motions that you wish to
12  make?
13      MS. CONNER: Your Honor, at this time we would ask
14  again that this sentencing be continued until they can verify
15  his information and allow him to have the other point, or in
16  the alternative allow this Court to award the three point
17  downward.
18      THE COURT: Motion for continuance is denied.
19      MS. CONNER: Yes, sir.
20      THE COURT: Motion for application as to a deviation
21  of the number of levels reduction based upon the information
22  provided by Mr. Smith would be covered in the Court's review
23  of the government's motion for downward departure, at
24  whatever level the Court would consider based upon the
25  information and the assistance Mr. Smith provided. I will

Page 6

1  defer ruling on that motion. If you would, have Mr. Smith
2  approach the podium.
3      MS. CONNER: Yes, sir.
4      THE COURT: And I will say for the record that the
5  Court is aware that if Mr. Smith does provide additional
6  information that is helpful to law enforcement, even without
7  a specific agreement to the contrary, that pursuant to Rule
8  35 of the Federal Rules of Criminal Procedure that the
9  government could come back within a period of one year and
10  ask that his sentence be recalculated based upon any
11  additional information that Mr. Smith may give the government
12  on things that he knew prior to his arrest in this case or
13  any new information that may arise during his period of
14  incarceration.
15      MS. CONNER: Yes, sir.
16      THE COURT: I make that only as a representation to
17  the record. Mr. Smith, have you and your attorney had an
18  opportunity to review the presentence report before today's
19  date?
20      THE DEFENDANT: Yes, sir.
21      THE COURT: I understand that the parties have
22  reached a plea agreement in this case pursuant to Rule
23  11(c)(1)(B). As I have stated, the Court is aware that that
24  is commonly referred to as a nonbinding plea agreement, and
25  Mr. Smith, I advise you officially that if the Court does not

Page 7

1  follow the terms of the plea agreement or the recommendations
2  from the government in this case, that pursuant to Rule
3  11(c)(1)(B) you have no right to withdraw your plea of guilty
4  in this case. Do you understand that?
5      THE DEFENDANT: Yes, sir.
6      THE COURT: You still wish to go forward with
7  sentencing at this time?
8      THE DEFENDANT: Yes, sir.
9      THE COURT: I would ask that the parties reflect the
10  terms of the plea agreement, even those terms that we have
11  discussed previously.
12      MR. BRUNSON: Your Honor, under the plea agreement
13  there was just one count in the indictment. Mr. Smith pled
14  guilty to the one count. He agreed to forfeiture of firearms
15  that were mentioned in the indictment. The government
16  recommended a three level reduction for acceptance of
17  responsibility because of Mr. Smith's timely plea, and we
18  have filed the motion for the third level in that sense. We
19  do recommend a sentence at the low end of the sentencing
20  guideline range that is appropriate. We stand by that
21  recommendation to the Court. And there's a recommendation
22  that Mr. Smith would be given three levels for substantial
23  assistance if appropriate. As we have already discussed that
24  the government has made a motion for a two level downward
25  departure and feels that that is appropriate. There is no

Page 8

1  waiver of appeal.
2      THE COURT: Ms. Conner, are there any corrections or
3  additions to the terms of the plea agreement that have been
4  recited in the record?
5      MS. CONNER: No, sir, there's not.
6      THE COURT: As to the request for the application of
7  the third point for acceptance of responsibility, document
8  number 49, that motion is granted. I will apply in
9  calculating your sentence, Mr. Smith, the terms of the plea
10  agreement that have been recited by Mr. Brunson, and I will
11  consider the request for a downward departure at the
12  appropriate time. Ms. Conner, do you have any objections to
13  any of the content of the presentence report?
14      MS. CONNER: Your Honor, Mr. Smith pled prior to
15  Booker and the progeny that have followed. Our sentencing
16  was, of course, delayed a year while we were trying to
17  determine in this Circuit how we were going to handle this.
18  He did not at the time of his plea, nor has the jury found
19  him guilty of the charge in Lee County. He has been charged.
20  That charge is still pending. I spoke with his state
21  attorney, the state-appointed attorney over there and he
22  feels that once this case is -- he is sentenced that case
23  will be dismissed. However, that has not occurred. As to the
24  additions of the other four points we are again stating that
25  he did not plea, that those were not included in his plea nor

Page 9

1    was he found guilty as is set out by the new law in Blakely,
2    Booker and others.
3         THE COURT: Do you have any evidence or witnesses
4    that you are going to present this morning on behalf of Mr.
5    Smith in support of your objections to paragraphs 15 and 16
6    of the presentence report?
7         MS. CONNER: No, sir. These are not factual
8    objections but only legal objections, since this has occurred
9    since the time of the plea.
10        THE COURT: Any further argument?
11        MS. CONNER: No, sir. Mr. Smith has been locked up
12   for over a year. We have been waiting over a year to be
13   sentenced. Mr. Smith has apologized to his family, he is very
14   sorry for what has occurred. Mr. Smith has had brushes with
15   the law before, we can not deny that. This Court sees what
16   his offense level is. However, Mr. Smith I believe at this
17   juncture has learned a valuable lesson, and again, he
18   apologizes to this Court for his behavior.
19        THE COURT: Mr. Brunson -- before we take up any
20   mitigation or any statements that Mr. Smith has, I would
21   certainly allow him an opportunity to do that.
22        MS. CONNER: Yes, sir.
23        THE COURT: But as to the objections that have been
24   noted, Mr. Brunson, does the government have any response?
25        MR. BRUNSON: No, Your Honor.

Page 10

1         THE COURT: As to your objections, first, Ms.
2    Conner, let me state first that it is the Court's
3    understanding that the decisions rendered by the United
4    States Supreme Court commonly referred to as the
5    Booker/Fanfan decisions made the guidelines advisory by
6    striking the mandatory language of the guidelines set forth
7    in 18 United States Code Section 3553(b)(1), and requires the
8    Court to tailor the sentence in light of other statutory
9    concerns considering the factors set out in 18 United States
10   Code Section 3553(a). With that requirement this Court has
11   considered the information contained in the presentence
12   report and has considered those factors that would affect a
13   recommended sentencing guideline under the old sentencing
14   guideline scheme.
15        MS. CONNER: Yes, sir.
16        THE COURT: To include the possession by your client
17   of a stolen firearm and the enhancement that would apply
18   under Section 2K2.1(b)(4) of the United States Sentencing
19   Guidelines. The case of the United States versus Richardson,
20   and I do not have the cite for you, but I can provide that
21   for you, as well as Section 2K2.1(b)(4) does not have any
22   requirement that Mr. Smith have knowledge of the fact that a
23   firearm is stolen if he is prohibited from possessing it.
24   Your objection as to paragraph 15 of the sentencing
25   guidelines as to the enhancement for possession of a stolen

Page 11

1    firearm is overruled.
2         Your objection as to paragraph 16 concerning
3    possession of a firearm in connection with another felony
4    offense, that four point enhancement in the offense level is
5    covered in Section 2K2.1(b)(5) of the sentencing guidelines.
6    The 11th Circuit has recently issued its opinion in the case
7    of the United States of America versus Rodriguez, the
8    citation I have is a WestLaw citation, 2005 WestLaw, 272952,
9    which Judge Carnes issued the opinion on February 4th, 2005,
10   and that case has clearly identified the standards to be
11   applied in the 11th Circuit, both as to the consideration of
12   evidence in calculating a guideline sentence based upon a
13   preponderance of the evidence, and determination of facts
14   outside of those in which the Defendant has pled in making
15   the Court's determination as to a recommended sentence, and
16   the Court has considered the facts in this case and will
17   follow the requirements as set forth in United States versus
18   Rodriguez.
19        And as to your objection to the four points being
20   applied for possessing a firearm in connection with another
21   felony offense the Court finds that the facts have been
22   established by a preponderance of the evidence that Mr. Smith
23   possessed the firearms in this case, specifically three
24   pistols, an SKS rifle, a 12 gauge shotgun, drugs, money,
25   scales, and a bulletproof vest, all in connection with one

Page 12

1    another, and as part of the same criminal enterprise on the
2    date in which the search warrant was served on his residence
3    in June of 2003. As to your objection to paragraph 16 of the
4    presentence report, that objection is overruled. Do you have
5    any other objections to the content of the presentence
6    report?
7         MS. CONNER: No, sir.
8         THE COURT: Having made findings as to the
9    objections to the presentence report, the Court finds that
10   the offense level is 25, the Criminal History Category is
11   III, the guideline range is from 70 months to 87 months. The
12   supervised release period is from two years to three years.
13   and the fine range is from ten thousand dollars to one
14   hundred thousand dollars. The United States has filed a
15   motion for reduction of sentence for downward departure filed
16   as document number 57 on March 31st. Let me hear from the
17   government as to that motion.
18        MR. BRUNSON: Your Honor, in the motion, and I will
19   read from paragraph -- the only paragraph that sets out any
20   information. Defendant has been available to provide law
21   enforcement officials with information concerning other drug
22   activities within the State of Alabama. The Defendant will
23   also be available to testify before a grand jury and any
24   trial if sufficient evidence is developed to prosecute other
25   individuals. And in that paragraph as you have just heard I

## Page 13

1  only mentioned drug activities.
2      He also provided information concerning some stolen
3  guns, and the stealing of guns. That information I have been
4  informed will be turned over to ATF for investigation. And
5  the drug activities were sources of drugs in his community of
6  two different people. So I do think that that was substantial
7  assistance, and again, stick by my recommendation to the
8  Court. That information has not been followed through at this
9  time so there is no case to present to the grand jury, and
10  obviously no case or occasion for him to testify at trial,
11  but I don't think that that is the end of his information. I
12  have talked to the agent who debriefed Mr. Smith as recently
13  as this morning and said that his reports would be turned
14  over to the supervisor with DEA and also to ATF, and he does
15  expect that to be done, and I do expect further investigation
16  to pursue.
17      THE COURT: If Mr. Smith provides additional
18  information to the government is the government prepared to
19  file a Rule 35 reduction or would you anticipate that the
20  government would be amenable to filing a Rule 35 reduction if
21  you find that information would warrant such a motion?
22      MR. BRUNSON: Your Honor, my position on what he has
23  provided is that he has being given, and it's taken into
24  account that information. If he comes up with additional
25  information, and certainly I don't question that he will be

## Page 14

1  able to, we would then give consideration for an additional
2  departure pursuant to Rule 35.
3      THE COURT: I am not asking you to commit to the
4  government or on behalf of the government of filing a motion,
5  but I am asking if Mr. Smith provides additional information
6  would that be something that the government would consider in
7  this case?
8      MR. BRUNSON: Absolutely.
9      THE COURT: As an officer of this Court do you feel
10  as though the information that Mr. Smith has provided to you
11  constitutes substantial assistance to the government as to
12  any additional criminal conduct, both stolen firearms and
13  drug conduct in this District?
14      MR. BRUNSON: I do, Your Honor.
15      THE COURT: Any statements or objections by the
16  government -- by the Defendant as to this motion?
17      MS. CONNER: Only, Your Honor, that we request the
18  third point because any -- the debrief, nothing was Mr.
19  Smith's fault. He has been sitting in the jail for over a
20  year, and we would ask for the government to give us the
21  third point also, Your Honor, or for you to consider the
22  third point.
23      THE COURT: I do not condone the fact that they did
24  not debrief Mr. Smith. I understand the delay that might have
25  been attributed to the uncertainty in the sentencing

## Page 15

1  guidelines in light of the Booker and Fanfan decisions that
2  we have talked about earlier. Mr. Brunson, I would ask that
3  the government make every effort to get information from Mr.
4  Smith that may be usable by the government because the longer
5  that he is incarcerated and away from the element that he had
6  as a source of information, the Court understands the less
7  information that he might be able to provide to the
8  government that would, in fact, be timely. The request for
9  the application of more than the two levels for downward
10  departure is denied.
11      The Court finds that the government's motion for
12  downward departure of the two points constitutes substantial
13  assistance, and that motion would be granted. The United
14  States -- for the record, the United States has filed a
15  motion for downward departure pursuant to Section 5K1.1 of
16  the United States Sentencing Guidelines. In this motion the
17  United States indicates and certifies that the Defendant has
18  cooperated with the government in this case and in subsequent
19  investigations as may be necessary. That Mr. Smith has
20  provided information as to the source of other illicit drug
21  activity in this District as well as other activity involving
22  stolen firearms.
23      After inquiry from the Court and based upon the
24  request of the United States, over objection of the defense
25  as to the application of the third point for substantial

## Page 16

1  assistance, the Court finds that the government's motion for
2  downward departure pursuant to Section 5K1.1 based upon the
3  Defendant's substantial assistance to the government should
4  be, and is granted.
5      I would reiterate for the record that the
6  Defendant's plea is based upon Rule 11(c)(1)(B), a nonbinding
7  plea, in which the Defendant has no right to withdraw the
8  plea or his plea of guilty in this case if the Court does not
9  follow the recommendation, and the Court is satisfied that
10  the agreement pursuant to the United States and the
11  Defendant's plea in this case provides only that the
12  government make a motion for substantial assistance pursuant
13  to Section 5K1.1 if the Defendant provided substantial
14  assistance to the government in the government's sole
15  discretion.
16      The Court will -- the finding will result in a
17  reduction of two guideline levels to an offense level of 23,
18  which, when combined with the criminal history category
19  creates a recommended guideline range of 57 months to 71
20  months, and a fine range from ten thousand dollars to one
21  hundred thousand dollars. The Court will consider this
22  guideline range as advisory in arriving at a reasonable
23  sentence in this case. Ms. Conner, do either you or your
24  client have anything to say in mitigation or otherwise before
25  the Court pronounces sentence in this case?

Page 17

1 THE DEFENDANT: Yes. I would like to apologize to
2 the Court for my action and I would like to say that I have
3 learned my lesson, that it won't happen again.
4 THE COURT: Anything further, Ms. Conner?
5 MS. CONNER: No, sir. We need to take up a matter of
6 Mr. Smith's health at the end of the sentencing. He has a
7 hernia that he has requested treatment for that he has not
8 obtained treatment for. And I promised I would bring it to
9 your attention.
10 THE COURT: As part of the sentencing that I will
11 provide in this case I will recommend, and I am confident
12 that the Bureau of Prisons will take into consideration his
13 current physical and mental health when they classify him and
14 provide medical attention that he needs while he's in
15 custody. Anything else, Mr. Brunson, that we need to consider
16 before we impose sentence?
17 MR. BRUNSON: Your Honor, I don't think the
18 forfeiture motion or allegation has been dealt with. I don't
19 know if asset forfeiture got a motion for the Court, if not,
20 I will have one --
21 MS. CONNER: I think it's already been dealt with,
22 Your Honor.
23 THE COURT: I have before me document number 50, the
24 United States of America's motion for final order of
25 forfeiture, and a final order of forfeiture prepared for the

Page 18

1 Court's signature dealing with forfeiture of one Glock Model
2 17 nine millimeter pistol, Serial Number DNL242US; one Taurus
3 Model Millennium PT140 .40 caliber semiautomatic pistol,
4 Serial Number SVE0236; and one North China Industries MAK-90
5 SKS 7.62 millimeter rifle, Serial Number 931873. Any
6 objections to the Court entering a final order of forfeiture
7 as to those weapons?
8 MS. CONNER: No, sir.
9 THE COURT: That motion will be granted, and the
10 final order of forfeiture as to those weapons will be
11 entered. Anything else before the sentence is stated in this
12 case?
13 MS. CONNER: Your Honor, we would ask that this
14 Court consider the low end of the guidelines as is set forth
15 in the plea agreement.
16 THE COURT: Mr. Smith, the sentence will now be
17 stated but you will have a final chance to make legal
18 objections before the sentence is imposed. The Court has
19 calculated an appropriate sentence in this case after
20 considering the recommended sentencing range as calculated
21 under the Sentencing Reform Act of 1984, which is now
22 advisory, and after evaluating the reasonableness of the
23 sentence, after considering the factors to be considered in
24 imposing a sentence as set forth in 18 United States Code
25 Section 3553(a). Based upon these recommendations and the

Page 19

1 factors to consider in sentencing you, Mr. Smith, it is the
2 judgment of this Court that you are hereby committed to the
3 custody of the Federal Bureau of Prisons to be imprisoned for
4 a total term of 71 months.
5 The Court finds that the sentence of 71 months is
6 reasonable and that the needs for the sentence as imposed to
7 reflect the seriousness of the crime and to provide just
8 punishment; to provide and to protect -- for the protection
9 of the public from future crimes by you, Mr. Smith; to
10 provide you with the needed educational training and medical
11 care that you need. The Court further finds that any lesser
12 sentence would be insufficient to accomplish the purposes set
13 forth in 18 United States Code Section 3553(a)(2).
14 The Court recommends that you be designated to a
15 facility where intensive residential substance abuse
16 treatment is available, as well as treatment for any medical
17 need that you may have concerning your hernia. You shall pay
18 to the United States District Court Clerk a special
19 assessment fee of one hundred dollars. The special assessment
20 fee is due immediately. Based upon your inability to pay the
21 Court waives the imposition of a fine. The Court finds that
22 there is no identifiable victim who incurred a financial loss
23 as a result of this offense.
24 Upon release from imprisonment you shall be placed
25 on supervised release for a term of three years. Within 72

Page 20

1 hours of release from custody you shall report to the
2 probation office in the District to which you are released.
3 While on supervised release you shall comply with the
4 mandatory and standard conditions of supervised release on
5 file with this Court.
6 The Court also orders the following special
7 conditions: You shall cooperate in the collection of DNA as
8 directed by the probation officer. You shall participate in
9 drug testing and/or treatment if directed by the probation
10 officer. You shall contribute to the cost of any treatment
11 based upon your ability to pay and the availability of
12 third-party payments. You shall submit to a search of your
13 person, residence, office or vehicle pursuant to the search
14 policy of this Court. You are remanded to the custody of the
15 United States Marshal.
16 Are there any objections to the sentence or to the
17 manner in which the Court pronounced it? For example, Mr.
18 Smith, do you have any objections to the Court's ultimate
19 findings of fact or conclusions of law? If you fail to state
20 such objections at this point you run the risk of being
21 unable to raise any objections of that nature on appeal. Do
22 you have any objections?
23 MS. CONNER: Yes, sir, we do. We would like to
24 preserve the objections that we had previously made and we
25 would object to the not awarding of the third point, Your

Page 21

1   Honor.

2           THE COURT: Your objections as noted in the

3   presentence report as to paragraphs 15 and 16 are preserved,

4   as well as your objection to the Court's not applying the

5   third point reduction or departure in the offense level based

6   upon the government's motion for downward departure of two

7   levels.

8           MS. CONNER: Yes, sir.

9           THE COURT: Any other objections?

10          MS. CONNER: No, sir.

11          THE COURT: The Court's ruling stands as to its

12  previous ruling as to these objections. Mr. Smith, the

13  sentence is ordered imposed as stated. You have not waived

14  your right of appeal in this case, therefore you have the

15  right to the appeal. I inform you that if you can not afford

16  the cost of an appeal you have the right to apply for leave

17  to appeal in forma pauperis. I inform you also that your

18  right of appeal could expire as soon as ten days after the

19  Court enters judgment in this case. I am not telling you to

20  appeal or not to appeal. I want to make sure you understand

21  your right of appeal. Do you understand those rights?

22          THE DEFENDANT: Yes, sir.

23          THE COURT: Do you have any questions, Mr. Smith?

24          THE DEFENDANT: No, sir.

25          THE COURT: I wish you luck. Anything else from the

Page 22

1   government?

2           MR. BRUNSON: No, Your Honor.

3           THE COURT: Anything else from the Defendant?

4           MS. CONNER: No, sir. May I be excused?

5           THE COURT: You may be excused. You are in the

6   custody of the marshal, Mr. Smith. Good luck to you.

7           (At which time, 9:53 a.m., the hearing was

8   adjourned.)

9           *   *   *   *   *

10          I certify that the foregoing is a correct transcript

11  from the record of proceedings in the above-entitled matter.

12  This the 23rd day of March, 2006.

13

14                  Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25