IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civil Action No. 3:06cv240-MEF |
| | ) | [WO] |
| ARBERT TYRAIL SMITH | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This matter is before the court on a motion by federal inmate Arbert Tyrail Smith ("Smith") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On February 28, 2005, pursuant to a written plea agreement, Smith appeared before a magistrate judge and pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Sentence was imposed by the district court on April 6, 2005, with Smith being sentenced to 71 months in prison. Judgment was entered on April 7, 2005. Smith did not appeal.

On March 7, 2006,[1] Smith filed this § 2255 motion, arguing that the district court erred in sentencing him by applying a four-level enhancement of his offense level pursuant to U.S.S.G. § 2K2.1(b)(5) for possession of a firearm in connection with a felony offense

---

[1] Although Smith's motion was date-stamped "received" in this court on March 15, 2006, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, March 7, 2006, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988).

separate from his offense of conviction. (Doc. No. 1) The government answers that Smith's claim is procedurally barred and that, in any event, it lacks merit. (Doc. No. 5.) Though afforded an opportunity to do so, Smith did not respond to the government's answer. After due consideration of the § 2255 motion, the government's answer, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

U.S.S.G. § 2K2.1(b)(5), which addresses unlawful possession of firearms and prohibited transactions involving firearms, states that a defendant's offense level should be increased by four levels if, *inter alia*, "the defendant used or possessed any firearm ... in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). Smith appears to contend that the district court should not have applied § 2K2.1(b)(5) to enhance his sentence because the state felony drug charge that formed the basis for this enhancement was subsequently dropped by prosecutors in Lee County, Alabama.[2] (Doc. No. 1 at 5.)

---

[2]In May 2004, Smith was charged by separate indictments in the Circuit Court of Lee County, Alabama, with trafficking cocaine and possession of marijuana. (*See* Doc. Nos. 5-3 & 5-4.) These indictments arose from drug evidence seized following execution of the same search warrant that led to the seizure of the firearms that formed the basis of the 18 U.S.C. § 922(g)(1) charge against Smith. (*See, e.g., Presentence Investigation Report* at 3-4, ¶¶ 4-7 & 16.) The district court based its application of the § 2K2.1(b)(5) enhancement to Smith's federal sentence on his possession of the firearms in connection with the conduct underlying the state cocaine trafficking charge. (*See Sentence Hearing* at 11-12.) On July 15, 2005, approximately thirteen weeks after Smith's federal sentencing, Lee County prosecutors moved for and obtained dismissal of both the cocaine trafficking and marijuana possession charges. (*See Order of Lee County Circuit Court*, attached to Doc. No.
(continued...)

Smith's claim is procedurally barred because he did not raise it on direct appeal. "A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *see Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Smith does not attempt to establish "cause" for his failure to raise this claim on direct appeal; consequently, his claim is barred by the procedural default doctrine.[3]

Assuming that Smith's contention that the subsequent dismissal of the state drug charge that formed the basis for the § 2K2.1(b)(5) sentence constitutes "newly discovered evidence" sufficient to establish cause excusing his procedural default,[4] Smith's claim nevertheless fails on its merits. Smith sets forth no specific argument why the Lee County

---

[2](...continued)
1.) In moving for dismissal of the state drug charges, Lee County prosecutors noted that Smith had pled guilty to the federal firearm possession charge and had been sentenced to 71 months in the federal penitentiary. (*Id*.)

[3]A procedural default can also be overcome if a movant can show a fundamental miscarriage of justice, such as actual innocence. *Mills*, 36 F.3d at 1055 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Smith, however, has made no such showing.

[4]To show cause for a procedural default, a habeas petitioner must show that some objective factor external to the defense prevented petitioner or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to petitioner's own conduct. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001); *Lomelo v. United States*, 891 F.2d 1512, 1515 (11th Cir. 1990). Although Smith does not argue specifically in terms of "cause," he does suggest that the factual basis of his substantive claim constitutes newly discovered evidence not available at the time of his direct appeal. Of course, only the subsequent dismissal of the state drug charge could arguably qualify as "new evidence"; the conduct underlying the state drug charge was known to Smith well before the time for him to file a direct appeal expired. Because Smith could have, but did not, appeal the adequacy of the evidence showing that his firearm possession was in connection with his drug trafficking, he is procedurally barred from arguing such matters in his § 2255 motion. *See Mills*, 36 F.3d at 1055.

cocaine trafficking charge could not form the basis of his enhancement under § 2K2.1(b)(5) other than to suggest that the mere fact that this state charge was eventually dropped disqualified it from use for enhancement of his federal sentence. However, for purposes of § 2K2.1(b)(5), a "felony offense" includes any federal, state, or local offense that is "punishable by imprisonment for a term exceeding one year, *whether or not a criminal charge was brought or conviction obtained*." U.S.S.G. § 2K2.1, comment. (n.4) (emphasis added). Thus, the mere fact that the state cocaine trafficking charge was dropped did not disqualify it from use under the § 2K2.1(b)(5) enhancement.

At Smith's sentence hearing, his counsel argued that application of the § 2K2.1(b)(5) enhancement violated *United States v. Booker*, 543 U.S. 220 (2005),[5] because a jury had not found Smith guilty of the cocaine trafficking charge in Lee County and a state prosecutor had indicated that the charge would probably be dropped once Smith was sentenced in the federal case. (*See Sentence Hearing* at 8-9.) The district court overruled counsel's objection, citing *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005) (holding that when determining a guideline sentence under the post-*Booker* advisory system, "the government bears the burden of establishing the disputed fact by a preponderance of the

---

[5]In *Booker*, the Supreme Court held that the Federal Sentencing Guidelines violate the Sixth Amendment right to a trial by jury to the extent that they permit a judge, under a mandatory guidelines system, to increase a defendant's sentence based on facts that are neither found by the jury nor admitted by the defendant. *Booker*, 543 U.S. at 244. To remedy this violation, the Court excised two specific provisions of the Sentencing Reform Act of 1984, thereby rendering the Federal Guidelines "effectively advisory." *Id*. at 245-46. As a result, a sentencing court must still "consider Guidelines ranges," but it may "tailor the sentence in light of other statutory concerns as well." *Id*.

evidence"), and specifically finding that a preponderance of the evidence showed that Smith possessed a firearm in connection with a felony offense separate from his offense of conviction, thus supporting application of the § 2K2.1(b)(5) enhancement. (*See Sentence Hearing* at 11-12.)

Smith has not disputed the fact that he was engaged in cocaine trafficking while in possession of the firearms listed in his federal indictment or that his firearm possession was connected to his drug trafficking. The district court's sentencing determination was supported by the facts. Therefore, Smith's claim that the district court erred in applying the § 2K2.1(b)(5) enhancement to his sentence is without merit.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Smith be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 10, 2007.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 26th day of November, 2007.


    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE